STATE of Minnesota, Respondent,

v.

Richard Rex REAN, Appellant.

No. C5–87–518.

Court of Appeals of Minnesota.

March 15, 1988.

Review Denied April 20, 1988.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, Richard Arney, Washington Co. Atty., Stillwater, for respondent.

C. Paul Jones, Public Defender, John E. Kane, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

After a mistrial, the appellant was convicted of third degree burglary. The appellant contends he was denied his right to counsel, was placed in double jeopardy, and was denied a fair trial. The appellant also claims the evidence does not support his conviction and that the trial court erroneously calculated his criminal history score. We affirm.

## FACTS

While making an early morning routine check of a commercial building, a police officer observed the door closing on a van parked inside the building. The officer found the main entrance of the building had been forced open. A canine officer was called and he sent his dog into the building. Richard Rean appeared from behind a door and was arrested. The police found twenty-five dollars in one-dollar bills, forty-four dollars in quarters and $7.61 in smaller change in Rean's pockets. Two vending machines in the building were com-

pletely emptied of money, and file cabinets and desk drawers had been ransacked. The van's keys were in the ignition and the van was loaded with hand and power tools from the shop which were not in the van at the end of the previous work day.

Rean told officers the door to the building was open and he went in to get out of the rain. Rean was charged with third degree burglary. Following a number of pretrial hearings, at which Rean was represented by public defenders, Rean chose to proceed pro se.

Rean's trial for third degree burglary ended in a mistrial. His second trial resulted in conviction and he was sentenced to 45 months to be served concurrently with a sentence for another burglary conviction. Rean appeals, claiming he was denied his right to counsel, placed in double jeopardy by the second trial, and denied a fair trial. Rean also claims the evidence does not support his conviction and that the trial court erred in computing his criminal history score.

## ISSUES

1. Was appellant denied his right to legal counsel?

2. Was appellant's second trial barred by the prohibition against being placed in double jeopardy?

3. Was appellant denied a fair trial as a result of prosecutorial misconduct?

4. Did the trial court err in responding to jury questions outside the presence of appellant?

5. Did the trial court err in computing appellant's criminal history score?

6. Does the evidence support appellant's conviction?

## ANALYSIS

### 1. Right to Legal Counsel

■ Rean was represented by the two public defenders but was dissatisfied with their representation. Rean seemed to feel that he was entitled to a choice of attorneys. A criminal defendant has the right to assistance of counsel for his or her de-fense. U.S. Const. amend. VI; Minn. Const. art. 1, § 6. However, a criminal defendant does not have "the unbridled right to be represented by counsel of his choice." *State v. Vance*, 254 N.W.2d 353, 358 (Minn.1977). The trial court had no obligation to supply Rean with other counsel. Rean knowingly chose to proceed pro se.

### 2. Double Jeopardy Claim

■ Rean next argues that his second trial placed him in jeopardy for the second time for the same offense.

No person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb * * *.

U.S. Const. amend. V. Jeopardy attaches when a jury is impaneled and sworn. *State v. McDonald*, 298 Minn. 449, 452, 215 N.W. 2d 607, 609 (1974). Under certain circumstances, a trial court may declare a mistrial and retry a defendant without violating the fifth amendment prohibition against double jeopardy. *Id.* at 453, 215 N.W.2d at 609. When a mistrial is granted over the objections of a defendant, "manifest necessity" for a mistrial must be shown before the defendant may be retried. *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978).

■ Such "manifest necessity" exists in this case. In Rean's first trial, the jury was duly sworn and impaneled when a police officer testified that Rean requested an attorney during questioning. That testimony violated Rean's constitutional rights because the jury could speculate that Rean invoked his privilege not to speak only because he was guilty. *See State v. Roberts*, 296 Minn. 347, 353, 208 N.W.2d 744, 747 (1973); *State v. Beck*, 289 Minn. 287, 292, 183 N.W.2d 781, 784 (1971).

The trial court correctly declared a mistrial even though Rean wished to continue with the trial.

"Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a

mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment."

*McDonald,* 298 Minn. at 453–54, 215 N.W.2d at 609–10 (quoting *Gori v. United States,* 367 U.S. 364, 368, 81 S.Ct. 1523, 1526, 6 L.Ed.2d 901 (1961)). The Fifth Amendment prohibition against double jeopardy did not preclude Rean's second trial.

### 3. Prosecutor's Closing Comments

■ Rean also objected to the prosecutor's closing remarks which emphasized that the jury should not hold it against Rean for not testifying. *See State v. Southard,* 360 N.W.2d 376, 383 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Apr. 12, 1985). However, the court's instructions to the jury emphasized the fact that the closing remarks of either party were not evidence.

Even if one assumed the remarks constituted misconduct:

> The decision about whether a new trial should be granted because of prosecutorial misconduct lies in the discretion of the trial court and will not be reversed unless the misconduct, viewed in the light of the whole record, appears to be inexcusable and so serious and prejudicial that the defendant's right to a fair trial has been denied. The court looks at whether the misconduct is likely to have played a substantial role in influencing the jury to convict.

*State v. Wilford,* 408 N.W.2d 577, 580 (Minn.1987) (citation omitted). It is unlikely, considering the strong evidence against Rean, that the prosecutor's comments substantially affected the jury's decision.

### 4. Jury Question Responses

■ Rean also argues his rights were violated when the trial court judge answered questions from the jury in his absence. During the deliberations the jury sent out several questions which the judge answered. This exchange took place off the record and in the absence of both the prosecutor and Rean. The jury did not reach a

verdict that day and the court called Rean back into court. The following exchange took place on the record but in the absence of the jury:

THE COURT: For the record the jury hasn't reached a verdict at this point. They've sent me out some questions which I've answered. They asked—I think the last question was do you have fingerprints on a burglary matter and I just sent back that they have to decide the case on the evidence that's before them. I didn't give them an answer to that particular question.

What I'm going to do is reread the elements to them of the offense at this point in time. * * *

＊ ＊ ＊ ＊ ＊ ＊

THE DEFENDANT: Could I ask what other questions that they have asked?

＊ ＊ ＊ ＊ ＊ ＊

THE COURT: Okay, question: Could the prosecutor have called the defendant to the stand and questioned him? I just answered no and signed it.

If we cannot decide and agree how long before we can have a hung jury? The answer was keep working.

Is it normal procedure to fingerprint when there is a burglary. My answer is I really cannot answer this. You must rely on the evidence received in court.

The next: We want police reports. Gary Swanson, Richard Peterson and—can't read it. Klarich. Answer is the police reports were not received into evidence and therefore cannot be shown to the jury.

And we'll give you a copy of this. Minn.R.Crim.P. 26.03, subd. 19(3)(1) provides:

> If the jury, after retiring for deliberation, desires to be informed on any point of law, the jurors, after notice to the prosecutor and defense counsel, shall be conducted to the courtroom. The court shall give appropriate additional instructions in response to the jury's request unless: (a) the jury may be adequately informed by directing their attention to some portion of the original instructions;

(b) the request concerns matters not in evidence or questions which do not pertain to the law of the case; or (c) the request would call upon the judge to express an opinion upon factual matters that the jury should determine.

■ The trial court erred in answering the jury's questions in Rean's absence. *See State v. Schifsky,* 243 Minn. 533, 543, 69 N.W.2d 89, 96 (1955). The judge's answers to the questions were legally sound and probably would have been exactly the same had Rean been present. The test in finding reversible error is whether the error affected the outcome of the case. *Id.* It is highly unlikely that the exchange between judge and jury in this case had any effect on the outcome of this case.

### 5. Criminal History Score

■ Rean argues the court erred in determining his criminal history score for sentencing purposes. Rean's criminal history score was calculated at six: one point each for six separate felony convictions. It included a California conviction which, Rean argues, was not proved by the State to be a felony in Minnesota for sentencing purposes. *See State v. Griffin,* 336 N.W.2d 519, 525 (Minn.1983).

The California conviction was for burglary in the second degree and Rean was sentenced to three years. *See* Cal.Penal Code §§ 459, 460 (West Supp.1987); Minn. Stat. § 609.582, subd. 3 (1986). Rean's California offense corresponds to Minnesota third degree burglary, a felony sentence in Minnesota. *See* Minn.Stat. §§ 609.02, subd. 2, 609.582, subd. 3 (1986). The judge correctly included the California conviction in sentencing. *See* Minn. Sentencing Guidelines § IIB.5 *reprinted in Minnesota Rules of Court* 294–95 (West 1987).

### 6. Sufficiency of the Evidence

■ Rean's final argument is that the evidence at trial was insufficient to support his conviction. The evidence against Rean was circumstantial but:

> The circumstantial evidence in a criminal case is entitled to as much weight as any other kind of evidence so long as the circumstances proved are consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt.

*State v. Morgan,* 290 Minn. 558, 561, 188 N.W.2d 917, 919 (1971). Rean was found hiding at 2:15 a.m. inside a building which had been forcibly entered. His pockets were loaded with over $50 in change and the two vending machines had been emptied. A van was loaded with equipment from the shop and keys were in the ignition. All of these circumstances are consistent with Rean's guilt, and inconsistent with his claim that he only wanted to get out of the rain.

### DECISION

Rean knowingly chose to proceed pro se and was not placed in double jeopardy by his second trial. Rean received a fair trial and the evidence supports his conviction. The trial court correctly determined his criminal history score.

Affirmed.